Joseph G. Pia (9945) (joe.pia@piahoyt.com)
Jacob B. Stone (16338) (jstone@piahoyt.com)
Erika M. Larsen (16494) (elarsen@piahoyt.com)
PIA HOYT, LLC
170 South Main Street, Suite 1100
Salt Lake City, UT 84101
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

*Attorneys for Defendants Outsourced Associates & Staffing d/b/a Now CFO, LLC*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MICHELLE CURRY**, individually and on behalf of other similarly situated employees,<br><br>    Plaintiff,<br><br>v.<br><br>**OUTSOURCED ASSOCIATES & STAFFING, LLC dba NOW CFO, LLC**; and **DOES 1 to 100**, inclusive,<br><br>    Defendants. | **ANSWER TO COMPLAINT**<br><br>Case No. 2:25-cv-00076<br><br>Assigned Judge<br><br>Magistrate Judge Dustin B. Pead |

Defendant Outsourced Associates & Staffing, ("**Defendant**" or "**OAS**"), by and through the undersigned counsel, hereby answers the Complaint Plaintiffs Michelle Curry ("**Curry**") and other similarly situated employees (collectively, "**Plaintiffs**") filed against OAS on February 4, 2025, and avers and states as follows:

## GENERAL DENIAL

OAS denies all the allegations in the Complaint, unless expressly admitted in the following paragraphs, including all allegations in the unnumbered introductory paragraphs of the Complaint.

OAS reserves the right to take further positions and assert additional defenses as further discovery may warrant:

## INTRODUCTION

1.      Admitted.

2.      Admitted that this is the nature of this litigation. OAS denies any associated implication of wrongdoing.

3.      Admitted that Ms. Curry has raised these individual claims. OAS denies any associated implication of wrongdoing.

4.      Admitted that Ms. Curry is seeking the enumerated relief. OAS denies any associated implication of wrongdoing.

5.      Admitted that Ms. Curry is seeking the enumerated relief. OAS denies any associated implication of wrongdoing.

## JURISDICTION AND VENUE

6.      Paragraph 6 asserts a legal conclusion to which no response is required. To the extent a response is required, admitted that jurisdiction is appropriate in this Court. Any remaining allegations in paragraph 6 are denied.

7.      Paragraph 7 asserts a legal conclusion to which no response is required. To the extent a response is required, admitted that jurisdiction is appropriate in this Court. Any remaining allegations in paragraph 7 are denied.

8.      Paragraph 8 asserts a legal conclusion to which no response is required. To the extent a response is required, admitted that jurisdiction is appropriate in this Court. Any remaining allegations in paragraph 8 are denied.

9.      Paragraph 9 asserts a legal conclusion to which no response is required. To the extent a response is required, admitted that venue is appropriate in this Court. Any remaining allegations in paragraph 9 are denied.

10.     Paragraph 10 asserts a legal conclusion to which no response is required. To the extent a response is required, admitted that venue is appropriate in this Court. Any remaining allegations in paragraph 10 are denied.

## FACTS COMMON TO THE PUTATIVE COLLECTIVE

11.     Admitted that the Now CFO organization of which OAS is a part provides quality outsourced accounting, controller, consulting, and financial services at a reasonable price. Any remaining allegations in paragraph 11 are denied.

12.     Admitted.

13.     Admitted.

14.     Denied.

15.     Admitted.

16.     Admitted.

17.     Admitted that Now CFO's contracts with its clients contain industry standard terms. Any remaining allegations in paragraph 17 are denied.

18.     Admitted that Now CFO tailors its engagements to meet client needs, so those engagements last for varying amounts of times. Any remaining allegations in paragraph 18 are denied.

19.     Admitted.

20.     Denied.

21.     Denied.

## ACCORDING TO ITS OWN WRITTEN PAY POLICY, NOW CFO'S NON-EXEMPT CONSULTANTS WILL ONLY BE PAID FOR HOURS BILLED TO A CLIENT, NOT ALL HOURS WORKED

22.     Admitted that some of OAS' consultants are classified as non-exempt, overtime-eligible for purposes of the Fair Labor Standards Act. Any remaining allegations in paragraph 22 are denied.

23.     Admitted.

24.     Admitted that OAS' non-exempt consultants are paid on an hourly rate and are eligible for overtime per state and federal law. Any remaining allegations in paragraph 24 are denied.

25.     Admitted that OAS' employment contract with its consultants contains the quoted definition. Any remaining allegations in paragraph 25 are denied.

26.     Denied.

27.     Denied.

28.     Admitted that Taylor Davis worked for OAS, executed an employment contract, and apparently executed the attached consent form. Any remaining allegations in paragraph 28 are denied.

29.     Admitted that Adam Swain worked for OAS and apparently executed the attached consent form. Any remaining allegations in paragraph 29 are denied.

30.     Admitted that Essence Isaac worked for OAS and apparently executed the attached consent form. Any remaining allegations in paragraph 30 are denied.

31.     Denied.

## PLAINTIFF MICHELLE CURRY'S EMPLOYMENT IS TERMINATED FOR RAISING CONCERNS ABOUT NOW CFO'S UNLAWFUL PAY POLICY

32.      Admitted that OAS hired Ms. Curry as a consultant. Any remaining allegations in paragraph 32 are denied.

33.      Admitted that Ms. Curry's employment agreement contains the quoted language. Any remaining allegations in paragraph 33 are denied.

34.      Admitted.

35.      Admitted that Ms. Curry had an application on her phone that enabled her to access work-related emails. Any remaining allegations in paragraph 35 are denied.

36.      Admitted that some of OAS' other consultants also had the same application on their phones. Any remaining allegations in paragraph 36 are denied.

37.      Admitted that OAS showed Ms. Curry training presentations regarding client marketing. Any remaining allegations in paragraph 37 are denied.

38.      Admitted that Ms. Curry was trained in marketing by OAS. Any remaining allegations in paragraph 38 are denied.

39.      Paragraph 39 asserts a legal conclusion to which no response is required. To the extent a response is required, admitted that under some circumstances the referenced activities can constitute compensable work. Any remaining allegations in paragraph 39 are denied.

40.      Admitted that Ms. Curry was advised not to bill marketing work to clients. Any remaining allegations in paragraph 40 are denied.

41.      Admitted.

42.      Denied.

43.    Admitted that Ms. Curry was told not to bill internal brainstorming meetings to clients. Any remaining allegations in paragraph 43 are denied.

44.    Admitted that Ms. Curry was told not to bill business development team calls to clients. Any remaining allegations in paragraph 44 are denied.

45.    Admitted.

46.    Admitted that Ms. Curry was staffed as a controller with some of Now CFO's clients. Any remaining allegations in paragraph 46 are denied.

47.    Admitted that Ms. Curry was staffed with Hattenhauser Distributing Company, and that it is a family-owned business that operates gas stations. Any remaining allegations in paragraph 47 are denied.

48.    Admitted.

49.    Denied.

50.    For lack of knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50, denied.

51.    For lack of knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51, denied.

52.    Denied.

53.    For lack of knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53, denied.

54.    Denied.

55.    Denied.

56.    Admitted that Curry occasionally submitted more than 40 hours a week of time to OAS while she was working for Hattenhauer, and that Curry was paid overtime for work performed over 40 hours a week. Any remaining allegations in paragraph 56 are denied.

57.    Admitted that if Curry did not submit more than 40 hours a week to OAS she submitted 40 or fewer hours to OAS, and that Curry was paid straight time for less than 40 hours a week. Any remaining allegations in paragraph 57 are denied.

58.    For lack of knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58, denied.

59.    Admitted.

60.    For lack of knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60, denied.

61.    For lack of knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61, denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Admitted that Ms. Curry worked with an individual named Deonte on the Future Foundations engagement. Any remaining allegations in paragraph 65 are denied.

66.    For lack of knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66, denied.

67.    Denied.

**MS. CURRY IS PLACED ON THE BENCH AND MISSES PAY PERIODS**

68.     Denied.

69.     Admitted that Curry attended team meetings when she was not assigned to an active engagement. Any remaining allegations in paragraph 69 are denied.

70.     Denied.

71.     Denied.

72.     For lack of knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72, denied.

73.     Denied.

74.     Denied.

75.     Admitted that Ms. Curry was assigned to engagements with Enable Dental and the Student Athlete Foundation. Any remaining allegations in paragraph 75 are denied.

76.     Denied.

77.     Admitted that Ms. Curry occasionally submitted more than 40 hours a week of time to OAS during this time period, and that Ms. Curry was paid overtime for work performed over 40 hours a week. Any remaining allegations in paragraph 77 are denied.

78.     Admitted that if Ms. Curry did not submit more than 40 hours a week to OAS she submitted 40 or fewer hours to OAS, and that Ms. Curry was paid straight time for less than 40 hours a week. Any remaining allegations in paragraph 78 are denied.

79.     For lack of knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79, denied.

### MS. CURRY RETURNS TO THE BENCH, THEN IS TERMINATED FOR RAISING COMPLAINTS ABOUT NOW CFO'S UNLAWFUL PAY PRACTICES

80.    Admitted that Ms. Curry was not assigned to another engagement immediately after Enable Dental and Student Athlete Foundation terminated. Any remaining allegations in paragraph 80 are denied.

81.    For lack of knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81, denied.

82.    Denied.

83.    Denied.

84.    Admitted that Ms. Curry met with Mr. Patrick and Ms. Dietmer. For lack of knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 84, denied.

85.    Denied.

86.    Denied.

87.    Admitted that Ms. Curry was not formally disciplined or placed on a performance improvement plan. Any remaining allegations in paragraph 87 are denied.

88.    Denied.

89.    Admitted that Ms. Curry's counsel sent OAS a demand letter dated November 1, 2024, which speaks for itself. Any remaining allegations in paragraph 89 are denied.

90.    Admitted that Ms. Dietmer and Mr. Patrick met with Ms. Curry on or about November 7, 2024 and discussed planned changes to the Atlanta office. Any remaining allegations in paragraph 90 are denied.

91.    Admitted that Ms. Curry sent the referenced email, which speaks for itself. Any remaining allegations in paragraph 91 are denied.

92.     Admitted that Mr. Patrick and Ms. Dietmer sent the referenced email, which speaks for itself. Any remaining allegations in paragraph 92 are denied.

93.     Admitted that Ms.  sent the referenced email, which speaks for itself. Any remaining allegations in paragraph 93 are denied.

94.     Admitted that Mr. Patrick sent the referenced email, which speaks for itself. Any remaining allegations in paragraph 94 are denied.

95.     Admitted that Mr. Patrick cancelled the referenced meeting and it was not rescheduled. Any remaining allegations in paragraph 95 are denied.

96.     Admitted that Ms. Dietmer met with Ms. Curry on November 12, 2024 in an effort to reach a compromise. All statements made during this meeting are therefore protected by Fed. R. Evid. 408. Any remaining allegations in paragraph 96 are denied.

97.     Admitted.

98.     Admitted that counsel for OAS sent a letter to counsel for Ms. Curry dated November 22, 2024, which speaks for itself. Any remaining allegations in paragraph 98 are denied.

99.     Admitted that OAS terminated Ms. Curry's employment on November 26, 2024. Any remaining allegations in paragraph 99 are denied.

100.    Admitted that Ms. Jackson sent the referenced email, which speaks for itself. Any remaining allegations in paragraph 100 are denied.

101.    Admitted that OAS sent Ms. Curry a money order in the amount of $7,046.81 to compensate her for underpayment. Any remaining allegations in paragraph 101 are denied.

102.    Admitted that OAS did not include interest on the payment or pay any attorney's fees. Any remaining allegations in paragraph 102 are denied.

103.    Denied.

104.    Admitted that OAS has records of time submitted by consultants, including Ms. Curry. For lack of knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 104, denied.

## FLSA COLLECTIVE ACTION ALLEGATIONS

105.    Admitted that Ms. Curry has brought the referenced claims. Any remaining allegations in paragraph 105 are denied.

106.    Admitted that Ms. Curry proposed the quoted collective class language. Any remaining allegations in paragraph 106 are denied.

107.    Admitted that Ms. Curry apparently signed the attached consent form. Any remaining allegations in paragraph 107 are denied.

108.    Admitted that Ms. Davis, Mr. Swain, and Ms. Isaac apparently signed their attached consent forms. Any remaining allegations in paragraph 108 are denied.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### WILLFUL FIAILURE TO PAY OVERTIME COMPENSATION, INVIOLATION OF THE FAIR LABOR STANDARDS ACT
### (PLEADED BY MS. CURRY ON BEHALF OF HERSELF AND ALL THOSE SIMLIARLY SITUATED)

109.    OAS hereby incorporates and re-alleges by reference its responses to all previous allegations as if fully set forth herein.

110.    Denied.

111.    Paragraph 111 asserts legal conclusions to which no response is required. To the extent a response is required, denied.

112.    Paragraph 112 asserts legal conclusions to which no response is required. To the extent a response is required, denied.

113.    Paragraph 113 asserts legal conclusions to which no response is required. To the extent a response is required, denied.

114.    Paragraph 114 asserts legal conclusions to which no response is required. To the extent a response is required, denied.

115.    Paragraph 115 asserts legal conclusions to which no response is required. To the extent a response is required, denied.

116.    Admitted.

117.    Admitted.

118.    Paragraph 118 asserts legal conclusions to which no response is required. To the extent a response is required, denied.

119.    Paragraph 119 asserts legal conclusions to which no response is required. To the extent a response is required, denied.

120.    Paragraph 120 asserts legal conclusions to which no response is required. To the extent a response is required, denied.

121.    Paragraph 121 asserts legal conclusions to which no response is required. To the extent a response is required, denied.

122.    Paragraph 122 asserts legal conclusions to which no response is required. To the extent a response is required, denied.

**SECOND CAUSE OF ACTION**
**RETALIATION, IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(PLEADED BY MS. CURRY FOR HERSELF ONLY)**

123. OAS hereby incorporates and re-alleges by reference its responses to all previous allegations as if fully set forth herein.

124. Paragraph 124 asserts legal conclusions to which no response is required. To the extent a response is required, denied.

125. Paragraph 125 asserts legal conclusions to which no response is required. To the extent a response is required, denied.

126. Admitted that Ms. Curry was not formally disciplined, as described in this paragraph, during her employment with OAS. Any remaining allegations in paragraph 126 are denied.

127. For lack of knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127, denied.

128. Admitted.

129. Admitted.

130. Admitted that counsel for Ms. Curry sent the referenced letter, which speaks for itself. Any remaining allegations in paragraph 130 are denied.

131. Admitted.

132. Admitted that Ms. Curry made the referenced request. Any remaining allegations in paragraph 132 are denied.

133. Admitted.

134. Admitted that counsel for OAS sent the referenced letter, which speaks for itself. Any remaining allegations in paragraph 134 are denied.

135. Admitted.

136.    Denied.

137.    Denied.

138.    Denied.

139.    For lack of knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 139, denied.

140.    Denied.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT
### (PLEADED BY MS. CURRY FOR HERSELF ONLY)

141.    OAS hereby incorporates and re-alleges by reference its responses to all previous allegations as if fully set forth herein.

142.    Admitted that Ms. Curry and OAS entered into an employment agreement, which speaks for itself. Any remaining allegations in paragraph 142 are denied.

143.    Admitted that the employment agreement speaks for itself. Any remaining allegations in paragraph 143 are denied.

144.    Admitted that OAS paid Ms. Curry $60.00 an hour for work performed. Any remaining allegations in paragraph 144 are denied.

145.    Admitted that OAS did not include interest when it paid Ms. Curry $7,046.81 or pay attorneys fees or costs. Any remaining allegations in paragraph 145 are denied.

146.    Denied.

147.    Paragraph 147 asserts legal conclusions to which no response is required. To the extent a response is required, denied.

### PRAYER FOR RELIEF

OAS denies that Plaintiffs are entitled to any of the relief requested in the demand for relief.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

Plaintiffs fail to state a claim against OAS upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Doctrine of Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, due to their own unclean hands.

### THIRD AFFIRMATIVE DEFENSE
### (Inequity)

Plaintiffs' Complaint, and each and every cause of action contained therein, is barred, either in whole or in part, by the doctrines of estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Plaintiffs' claims are barred, in whole or in part, to the extent they would unjustly enrich them.

### FIFTH AFFIRMATIVE DEFENSE
### (No Damages)

Plaintiffs' claims are barred, in whole or in part, to the extent they have not been damaged by OAS' conduct, and their claims for damages are remote, speculative, or unavailable as a matter of law.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs' claims are barred, in whole or in part, due to its failure to mitigate their damages, to the extent any damages exist.

### SEVENTH AFFIRMATIVE DEFENSE
### (Third Parties)

15

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, were caused by act and/or omissions of third parties.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Self-Inflicted Harm)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, were the result of their own actions and not OAS' actions.

### NINTH AFFIRMATIVE DEFENSE
#### (Consent)

Plaintiffs' claims are barred, in whole or in part, because they consented to, gave license to, or waived any of their rights with respect to the conduct of which they now complain.

### TENTH AFFIRMATIVE DEFENSE
#### (Accord and Satisfaction)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are subject to accord and satisfaction.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Good Faith)

Plaintiffs' claims are barred, in whole or in part, because OAS acted in good faith at all times and had reasonable grounds to believe it was not violating the law.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Additional Affirmative Defense)

OAS reserves the right to assert additional affirmative defenses as further discovery may warrant.

WHEREFORE, OAS has fully answered the Complaint, and prays for the same to be dismissed with prejudice. OAS also requests that the Court finds no cause of action and award

16

OAS all costs and attorneys' fees incurred in the defense of Plaintiffs' claims together with such

other and further relief the Court deems appropriate.


DATED this 7th day of April 2025.                    PIA HOYT, LLC
                                                     */s/ Jacob B. Stone*
                                                     Joseph G. Pia
                                                     Jacob B. Stone
                                                     Erika M. Larsen
                                                     *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2025, a true and correct copy of the foregoing **ANSWER TO COMPLAINT** was filed using the Court's electronic filing system, which will serve a notice of filing upon all counsel of record.

*/s/ Melanie Buervenich*
Paralegal
