THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MICHELLE CURRY, individually and on behalf of all other similarly situated employees,<br><br>                  Plaintiff,<br><br>v.<br><br>OUTSOURCED ASSOCIATES & STAFFING, LLC; and DOES 1 to 100,<br><br>                  Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART [ECF NO. 13] PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE**<br><br>Case No. 2:25-cv-00076-DBB<br><br>District Judge David Barlow |

      Plaintiff Michelle Curry ("Ms. Curry") moves for conditional class certification on behalf of herself and all other similarly situated.[1] She alleges that Defendant Outsourced Associates & Staffing, LLC ("Now CFO") has violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime wages to non-exempt employees.[2] Having considered the parties' briefing, the court finds oral argument unnecessary.[3] For the reasons stated below, Ms. Curry's motion is granted in part.

---

[1] Plaintiff Michelle Curry's Overlength Motion for Conditional Certification and Court-Authorized Notice and Supporting Memorandum of Law ("Mot.") 3, ECF No. 13, filed Feb. 13, 2025.
[2] Mot. 4.
[3] DUCivR 7-1 (g). Defendant Now CFO requests oral argument in its opposition to the Motion. *See* Opposition to Motion for Conditional Certification 1 ("Opp"), ECF No. 16, filed Feb. 27, 2025.

1

## BACKGROUND

Now CFO is a Utah Corporation that offers accounting, controller, and consulting services.[4] It has offices in 23 states and provides services to clients across the country.[5] To provide these services, Now CFO employs hundreds of consultants who are classified as non-exempt and overtime eligible.[6] These consultants work under the supervision of regional market presidents, who authorize consultants' work and approve their time sheets.[7]

The Now CFO Employment Agreement for Non-Exempt, Full-Time Consultants (the "Agreement") states that employees are paid "for all Client Billable Hours,"[8] which are defined as "billable hours worked for Employer's Clients that are billed to Clients for Employee's services" (the "Billable Hours Policy").[9] Ms. Curry alleges that, under this policy, Now CFO does not pay its non-exempt consultants for any work they perform that is not billed to a client.[10]

Ms. Curry alleges that, due to the policy as articulated in the Agreement, overtime eligible consultants were not paid for their time spent on non-billable work, such as team meetings, performance reviews, planning sessions, and training.[11] Ms. Curry claims that, because of this policy, consultants often worked more than forty hours a week but were not paid overtime.[12]

---

[4] Complaint ¶ 10, ECF No. 1, filed Feb. 4, 2025.
[5] *Id.* at ¶ 20.
[6] *Id.* at ¶ 23.
[7] *Id.* at ¶ 41; *see also* Opp. 7.
[8] Non-Exempt, Full-Time Consultant Employment Agreement ("Agreement") IV.a.I., ECF 1-2, filed Feb. 4, 2025.
[9] Agreement I.d.
[10] Complaint at ¶ 25–26.
[11] *Id.* at 2.
[12] *Id.* at ¶ 77–78.

Ms. Curry worked as a consultant for Now CFO from May 2023 to November 2024 under market president April Diemer ("Ms. Diemer").[13] Ms. Curry signed the Agreement with Now CFO at the beginning of her employment.[14] Ms. Curry states that she could not bill clients for regularly scheduled consultant meetings and other time she spent working.[15] Ms. Curry alleges that, due to the Billable Hours Policy, she frequently worked more than forty hours in a week but was not paid overtime.[16] Ms. Curry also states that "this pay scheme seemed to apply to every other consultant at Now CFO."[17] Ms. Curry has submitted declarations from other consultants that were previously or are currently employed by Now CFO who claim that they are paid only for the time they work that is billed to a client, which results in them working overtime without overtime pay.[18]

Ms. Curry filed her complaint against Now CFO on February 4, 2025, asserting that Now CFO failed to pay overtime compensation in violation of the FLSA, among other claims.[19] Ms. Curry then moved for conditional certification of the proposed class of individuals who worked for Now CFO as consultants.[20] Now CFO filed an opposition to the motion for conditional certification,[21] and Ms. Curry replied on March 13, 2025.[22]

---

[13] Declaration of Michelle Curry 1, ECF 13-3, Feb. 13, 2025.
[14] *Id.* at 2.
[15] *Id.*
[16] *Id.* at 3.
[17] *Id.* at 2.
[18] Declaration of Dawn Allen, ECF 13-4, filed Feb. 13, 2025; Declaration of Adam Swain, ECF 13-5, filed Feb. 13, 2025; Declaration of Taylor Davis, ECF 13-6, filed Feb. 13, 2025.
[19] Complaint 18. Ms. Curry also brings claims on only her behalf which are not relevant to the Motion for Conditional Certification.
[20] Mot. 2.
[21] Opposition to Motion for Conditional Certification ("Opp."), ECF No. 16, filed Feb. 27, 2025.
[22] Plaintiff's Reply Brief in Support of its Motion for Conditional Certification and Request Judicial Notice ("Reply"), ECF No. 20, filed Mar. 13, 2025.

**STANDARD**

The FLSA authorizes plaintiffs to bring a collective action for overtime wages on behalf of "other employees similarly situated."[23] "Unlike in a class action under Federal Rule of Civil Procedure 23, parties are added to and bound by a FLSA collective action on an 'opt-in' rather than 'opt-out' basis."[24] "This requires the sending of an accurate and timely notice concerning the pendency of the action so that other 'similarly situated' employees can make an informed decision about whether to join."[25]

To determine whether potential class members are similarly situated at the notice stage, courts require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[26] "The lenient standard is applied because it recognizes that plaintiffs have been unable to conduct discovery."[27] At the conclusion of discovery, the court moves to the second stage in the analysis and utilizes a stricter standard to determine if class members are similarly situated.[28]

**DISCUSSION**

I.   **Conditional Certification**

Ms. Curry requests that the court conditionally certify a FLSA class consisting of all individuals who worked for Now CFO as consultants or in similar positions. Now CFO argues

---

[23] 29 U.S.C. § 216 (b).
[24] *Pichler v. Cotiviti, Inc*, No. 2:23-CV-0884-AMA, 2024 WL 3089897, at *3 (D. Utah 2024); *see also* 29 U.S.C. § 216 (b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought.").
[25] *Id.*
[26] *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).
[27] *Madsen v. Sidwell Air Freight*, No. 1:23-CV-0008-JNP, 2024 WL 1160204, at *2 (D. Utah 2024) (citing *Pack v. Investools, Inc.*, No. 2:09-cv-1042, 2011 WL 3651135, at *2 (D. Utah 2011)).
[28] *Id.* at 1103.

that conditional certification should not be granted because Ms. Curry has not shown that the potential class members are similarly situated.

Ms. Curry alleges that the Agreement, which was signed by all consultants in the proposed class, establishes the policy that consultants were paid only for their time that was billed to a client.[29] Randy Christensen, Now CFO's president and CEO, acknowledges that new consultants "typically" sign a written employment agreement with the company.[30] Now CFO does not argue that the Billable Hours Policy does not apply to contractors or that contractors did not sign Agreements with this policy in order to work at the company. Accordingly, Ms. Curry has substantially alleged that the Billable Hours Policy is a common policy for contractors that signed an Agreement with the provision, and conditional class certification is appropriate.

Now CEO's arguments against conditional certification are unavailing. First, it argues that certification should not be granted because some contractors had different market presidents, so the policy was not applied to them in the same way. Although market presidents may have approved consultants' time in different ways, Now CFO does not dispute that these consultants were all subject to the Billable Hours Policy. Therefore, members of the putative class are all subject to the same single policy, so differing market presidents poses no bar to conditional class certification.[31]

---

[29] Mot. 3; Agreement IV.a.I.
[30] Declaration of Randy Christensen ¶ 9, ECF No. 16-1, filed Feb. 27, 2025.
[31] *See Cazeau v. TPUSA, Inc.*, No. 218CV00321RJSCMR, 2020 WL 3605652, at *4 (D. Utah 2020) (putative class was similarly situated because all members received the same Training Memorandum requesting fifteen minutes of work with no pay); *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 680 (D. Kan. 2004) (employees were similarly situated, as shown by "employment contracts with [defendant's] employees"); *Goldman v. RadioShack Corp.*, No. CIV.A. 2:03-CV-0032, 2003 WL 21250571, at *9 (E.D. Pa. 2003) (potential members of FLSA action were similarly situated "because they were all subjected to the same employment contract").

Now CEO also argues that the consultants in the proposed class worked in different geographic areas, so they were not subject to a single, unified policy.[32] But "[g]eographic commonality is not necessary to satisfy the FLSA collective action's 'similarly situated' requirement, so long as the employees were impacted by a common policy."[33] Any differences in the contractors' market president or location do not overcome the fact that they were subject to the same Billable Hours Policy. Contractors who signed an agreement with the policy are similarly situated.[34]

Now CEO next argues that any written policies are insufficient and that Ms. Curry "must present evidence of the written policy being put into uniform practice for all members of the putative collective."[35] Whether the Client Billable Hour policy was actually put into effect is a factual dispute, which the court cannot consider at the conditional class certification stage.[36] Indeed, "it is reversible error to resolve a merits issue when determining class certification issues."[37] Ms. Curry does not need to allege anything more than a common policy; accordingly, the court does not further address Now CEO's arguments on the facts.

Finally, Now CEO argues that the conditional class should not be certified because there will be differences in potential damages for each consultant. However, "[i]ndividual differences

---

[32] Opp. 6.
[33] *Whitlow v. Crescent Consulting, LLC*, 322 F.R.D. 417, 423 (W.D. Okla. 2017) (quoting *McCloud v. McClinton Energy Grp., L.L.C.*, No. 7:14-CV-120, 2015 WL 737024, at *8 (W.D. Tex. 2015)).
[34] *Underwood v. NMC Mortg. Corp.*, 245 F.R.D. 720, 723 (D. Kan. 2007) (plaintiffs had adequately alleged that putative class members were similarly situated, even though they were "located across the country and had different managers and supervisors").
[35] Opp. 6.
[36] *Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp. 3d 1079, 1116 (D.N.M. 2017) ("At this stage, the Court does not weigh the evidence, resolve factual disputes, or rule on the merits of plaintiffs' claims. Indeed, the standard for conditional certification is a lenient one that typically results in class certification.") (citations omitted).
[37] *Kirkpatrick v. Greenix Holdings, LLC*, No. 2:23-CV-00033-JNP-JCB, 2024 WL 757158, at *4 (D. Utah 2024) (citing *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1106–07 (10th Cir. 2001)).

in damages are not to be considered when ruling on conditional certification."[38] Although the court may evaluate the difficulty in calculating damages later in this litigation, it is not an appropriate consideration at this stage.

In conclusion, Ms. Curry has substantially alleged that contractors employed by Now CEO who signed the Agreement were all subject to the Billable Hours Policy and are therefore similarly situated. Conditional class certification is granted for these individuals.

Ms. Curry requests that the court conditionally certify a FLSA class consisting of:

> All persons who worked as consultants, controller consultants, CFO consultants, or in other positions with similar job duties, for NOW CFO at any time during the last three years prior to the filing of the Complaint through the entry of judgment.[39]

Now CFO argues that this proposed class is too broad because it would include consultants who have not signed an agreement with the Billable Hours Policy.[40] It next contends that the class should be limited to consultants who worked under the same market president as Ms. Curry.[41] It also argues that the putative class should exclude consultants for whom the statute of limitations has already expired.[42]

As discussed above, there are no geographic or market president limitations to the conditional class, as the Agreement's Billable Hours Policy was not used in a limited geographic area or by any particular market president. Now CFO has not argued that it only used the Agreement for contractors that worked under Ms. Diemer, and there may be similarly situated contractors outside this market area.

---

[38] *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1168 (D. Kan. 2006).
[39] Mot. 3.
[40] Opp. 8.
[41] *Id.*
[42] *Id.*

7

Now CFO's statute of limitations argument also fails to establish that the conditional class language should be changed. The FLSA has a three-year statute of limitations for willful violations, which Ms. Curry has alleged in this case.[43] It is tolled for individuals in a class "when, and only when, his written consent to become a party plaintiff to the action is filed in the court in which the action is brought."[44] The three year statute of limitations is integrated into Ms. Curry's proposed class definition, which includes people who worked for Now CFO "at any time during the last three years."[45] Therefore, the proposed class definition includes only individuals who may have a claim under the relevant statute of limitations.

However, Ms. Curry's proposed language is overinclusive and must be limited to similarly situated contractors. As discussed above, Ms. Curry has established that contractors who signed an agreement with the Billable Hours Policy are similarly situated. The class she proposes does not mention the policy or any employment agreement. Accordingly, the proposed class definition must be updated to include only those individuals who are similarly situated due to their employment agreement containing the Billable Hours Policy.

II.     **Notice of Conditional Certification**

Based on the discussion above, the court will conditionally certify the following class of putative opt-in plaintiffs for notice:

> All persons who worked as consultants, controller consultants, CFO consultants, or in other positions with similar job duties, for NOW CFO at any time during the last three years who signed a written employment contract containing language indicating that they would only be paid for work billed to clients.

---

[43] 29 U.S.C. § 255 (a); Complaint 18.
[44] 29 U.S.C. § 257.
[45] Mot. 3.

Ms. Curry's motion also seeks approval of court-authorized notice.[46] Now CFO argues that the proposed notice should be revised for several reasons, which Ms. Curry states she is "willing to confer" on.[47] The court will direct the parties to meet and confer about the proposed notice and reminder forms and to submit an agreed form for court approval. If the parties are unable to agree, they are ordered to submit a report explaining their good faith and legally supportable disagreements.

## ORDER

Plaintiff's Motion for Conditional Certification is GRANTED IN PART.[48] The court grants conditional certification for all persons who worked as consultants, controller consultants, CFO consultants, or in other positions with similar job duties, for NOW CFO at any time during the last three years and who signed a written employment contract containing language indicating that they would only be paid for work billed to clients.

It is further ordered that the parties meet and confer regarding the form, content, and substance of notice that will be sent, to whom it will be sent, and the methods by which it will be sent. The parties must do so within 14 days of this order. If the parties agree, a stipulated form of notice must be filed with the court within 21 days of this order. If the parties cannot agree on a stipulated form of notice, each party must file a report with the court within 21 days of this order identifying any areas of disagreement, a proposed resolution, and citing any applicable precedent. Such reports are limited to five pages.

---

[46] Mot. 15.
[47] Reply 8.
[48] ECF 13.

Signed April 22, 2025.

BY THE COURT

David Barlow
United States District Judge