THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MICHELLE CURRY, individually and on behalf of all other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>OUTSOURCED ASSOCIATES & STAFFING, LLC; and DOES 1 to 100,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [31] MOTION TO CLARIFY OR RECONSIDER CONDITIONAL CERTIFICATION OF THE CLASS**<br><br>Case No. 2:25-cv-00076-DBB<br><br>District Judge David Barlow |

Before the court is Defendant Outsourced Associates & Staffing, LLC's ("Now CFO") Motion to Clarify or Reconsider Conditional Certification of the Class.[1] Plaintiff Michelle Curry ("Ms. Curry") opposes the motion.[2] Having considered the briefing and relevant law, the court concludes the motion may be resolved without oral argument.[3] For the reasons stated below, Now CFO's motion to reconsider is denied.

## BACKGROUND

Ms. Curry alleges that Now CFO denied her, and other similarly situated individuals, overtime pay.[4] She alleges that it is Now CFO's policy to only pay similarly situated employees

---

[1] Motion to Clarify or Reconsider Conditional Certification of the Class ("Mot."), ECF No. 31, filed May 22, 2025.
[2] Plaintiff's Opposition to Defendant's Motion to Reconsider Conditional Certification of the Class ("Opp."), ECF No. 35, filed May 30, 2025.
[3] *See* DUCivR 7-1(g).
[4] Complaint 1, ECF No. 1, filed Feb. 4, 2025.

1

for their time that is actually billed to a client, rather than all the time the employee actually works, which results in employees not being paid overtime wages for their work.[5]

Ms. Curry moved the court to conditionally certify the case as a Fair Labor Standards Act collective action.[6] She requested the court conditionally certify a class consisting of:

> All persons who worked as consultants, controller consultants, CFO consultants, or in other positions with similar job duties, for NOW CFO at any time during the last three years prior to the filing of the Complaint through the entry of judgment.[7]

Now CFO opposed the motion for conditional certification, arguing that the court should not conditionally certify the class and that if the court did conditionally certify a collective group, it should be limited to:

> All hourly consultants who worked for Now CFO under Ms. Diemer at any time within three years of the date the Court certifies the collective and who signed a written employment contract containing language indicating that they would only be paid for work billed to clients.[8]

On April 22, 2025, the court partially granted Ms. Curry's motion, conditionally certifying a putative opt-in class of:

> All persons who worked as consultants, controller consultants, CFO consultants, or in other positions with similar job duties, for NOW CFO at any time during the last three years who signed a written employment contract containing language indicating that they would only be paid for work billed to clients.[9]

The court then ordered the parties to meet and confer regarding the form, content, and substance of the class notice.[10] Now CFO submitted a report identifying areas of disagreement on the form

---

[5] *Id.*
[6] Plaintiff Michelle Curry's Overlength Motion for Conditional Certification and Court-Authorized Notice and Supporting Memorandum of Law, ECF No. 13, filed Feb. 13, 2025.
[7] *Id.* at 3.
[8] Opposition to Motion for Conditional Certification 9, ECF No. 16, filed Feb. 27, 2025.
[9] Memorandum Decision and Order Granting in Part Plaintiff's Motion for Conditional Certification and Court-Authorized Notice ("Order") 8, ECF No. 26, filed Apr. 22, 2025.
[10] *Id.* at 9.

of the notice.[11] It also filed a motion to clarify or reconsider the court's order granting Ms. Curry's motion for conditional certification.[12]

Ms. Curry filed a separate report on the parties' remaining disputes.[13] Ms. Curry attached a copy of a release and settlement agreement between Now CFO and another employee to her report.[14] Now CFO has objected to this evidence.[15]

## STANDARD

"A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law."[16] "Specific grounds include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'"[17] However, "[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier."[18]

## DISCUSSION

Now CFO argues that the proposed class should be changed for three reasons.[19] First, it argues that the scope of the conditionally certified class is too broad. Second, it argues that its Employee Handbook states that employees should record non-billable time. Third, it argues that it has paid any unpaid overtime to the potential class members it believes should have received

---

[11] Defendant's Report Identifying Areas of Disagreement in Form of Notice, ECF No. 30, filed May 22, 2025.
[12] Mot. 1.
[13] Plaintiff Michelle Curry's Report on Notice Regarding Remaining Disputes, ECF No. 34, filed May 23, 2025.
[14] Release and Settlement of Claims Under the FLSA, ECF No. 34-1, filed May 23, 2025.
[15] Objection to Evidence Submitted with Plaintiff's Report on Notice Regarding Remaining Disputes, ECF No. 36, filed May 30, 2025.
[16] *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).
[17] *Id.*, quoting *Servants of Paraclete*, 204 F.3d at 1012.
[18] *Id.*
[19] Mot. 3.

this payment. Ms. Curry opposes changes to the proposed class language, arguing that there are no circumstances that justify reconsideration.[20]

Now CFO first argues that the class language should be altered because it is overinclusive. It contends that the class language approved by the court is too broad and should be adjusted to include only non-exempt consultants "who were paid only for work billed to clients."[21] Now CFO does not argue that the court's previous order will result in clear error or manifest injustice. Its argument that the class is overinclusive was available when it argued against Ms. Curry's motion for conditional certification, and it cannot raise this previously available argument in a motion to reconsider. What's more, the language the court included in the notice including employees "who signed a written employment contract containing language indicating that they would only be paid for work billed to clients" came from Now CFO's counterproposal.[22] Accordingly, Now CFO has not shown that the previous order should be altered.

Next, Now CFO's reference to its Employee Handbook does not meet the standard for reconsideration. As Ms. Curry points out, the Employee Handbook states that it was updated in January 2023.[23] Now CFO does not argue that the Employee Handbook was not previously available, but argues that the court should consider it to "be fully aware of the Company's written

---

[20] Opp. 3. Ms. Curry also argues that Now CFO's motion was filed late, so a heightened standard should apply. *Id.* However, the standard she proposes is identical to the standard articulated by the Tenth Circuit and proposed by Now CFO: that the party moving for reconsideration must "set out newly discovered evidence" or show that the motion "should only be granted if there is clear error or to prevent manifest injustice." *Id.* Therefore, the court applies the standard for reconsideration as set forth above.
[21] Mot. 4.
[22] Opposition to Motion for Conditional Certification 9, ECF No. 16, filed Feb. 27, 2025; Order 8.
[23] NowCFO Employee Handbook, attached to Declaration of Shawn Dinkelman, page 38 of 59, ECF No. 32, filed May 22, 2024; Opp. 4.

4

and practiced policy."[24] The handbook is not previously unavailable evidence, so it cannot be a basis for reconsideration. More importantly, the court does not weigh the evidence, resolve factual disputes, or rule on the merits of the plaintiffs' claims at this phase.[25] Even if the Employee Handbook were previously unavailable, the court cannot consider this evidence at this stage.

Now CFO's third argument in favor of reconsideration, that it has paid any unpaid overtime potential class members may be entitled to, fails for the same reasons. Now CFO argues that this evidence was not previously available because it did not complete these payments until after the briefing on the motion to conditionally certify was completed.[26] However, as stated in the order granting conditional certification, the court does not weigh the evidence, resolve factual disputes, or rule on the merits at this stage.[27] Now CFO's argument that it now has made payments to all potential putative class members involves the resolution of factual issues the court cannot consider at the conditional certification stage. Accordingly, Now CFO has not shown that there is any basis for the court to reconsider the previous order, and its motion is denied.

Now CFO has also objected to the settlement agreement attached to Ms. Curry's report prepared pursuant to the court's previous order to meet and confer.[28] It argues that the settlement

---

[24] Opp. 4.
[25] *See Bowling v. DaVita, Inc.*, No. 21-CV-03033-NYW-KLM, 2023 WL 4364140, at *3 (D. Colo. July 6, 2023); *Guarriello v. Asnani*, 517 F. Supp. 3d 1164, 1173 (D.N.M. 2021).
[26] Defendant's Reply Memorandum in Support of Motion to Clarify or Reconsider Conditional Certification of the Class 3, ECF No. 40, filed June 13, 2025.
[27] Order 6.
[28] Objection to Evidence Submitted with Plaintiff's Report on Notice Regarding Remaining Disputes, ECF No. 36, filed May 30, 2025.

agreement violates Federal Rule of Evidence 408.[29] Ms. Curry responds that the agreement is not confidential and should not be stricken.[30] As discussed above, the court cannot weigh the evidence at this stage. Therefore, the court does not consider the settlement agreement to evaluate the motion for reconsideration or Ms. Curry's Report.

The parties are directed to meet and confer about the proposed notice and reminder forms and to submit an agreed form for court approval in light of this order. If the parties are unable to agree, they are ordered to submit a report explaining their good faith and legally supportable disagreements.

**ORDER**

Now CFO's Motion for Reconsideration is DENIED.[31] It's objection to Ms. Curry's evidence is SUSTAINED.

The parties are hereby ordered to meet and confer regarding the form, content, and substance of notice that will be sent, to whom it will be sent, and the methods by which it will be sent. The parties must do so within 14 days of this order. If the parties agree, a stipulated form of notice must be filed with the court within 21 days of this order. If, after extensive good faith efforts to resolve all disputes, the parties cannot agree on a stipulated form of notice, each party must file a report with the court within 21 days of this order identifying any areas of disagreement, a proposed resolution, and citing any applicable precedent. Such reports are limited to five pages.

---

[29] Defendant's Reply in Support of Objection to Evidence Submitted with Plaintiff's Report on Notice, ECF No. 38, filed June 12, 2025.
[30] Plaintiff's Response in Opposition to Defendant's Motion to Strike Evidence, ECF No. 37, filed June 5, 2025.
[31] ECF No. 31.

Signed June 26, 2025.

                                          BY THE COURT

                                          _____
                                          David Barlow
                                          United States District Judge