THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Michelle Curry, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>Outsourced Associates & Staffing, LLC,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER and SCHEDULING ORDER<br><br>Case No. 2:25-cv-076-DBB-DBP<br><br>District Judge David B. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

The parties move the court for a scheduling conference to resolve differences that arose during their planning conference pursuant to Fed. R. Civ. P. 26(f). The parties disagree over three matters: "(1) whether discovery should be bifurcated into two phases and the timing/sequencing of discovery deadlines resulting therefrom, (2) whether limits on discovery in addition to those already imposed by the Federal Rules of Civil Procedure should be instituted in this case, and (3) the potential length of trial."[1] The court addresses these items in turn.[2]

## DISCUSSION

This is a putative class action for alleged violation of the Fair Labor Standards Act and breach of contract. The parties first disagree as to whether discovery should be conducted in phases and whether discovery should be limited. Plaintiff "does not believe discovery should be conducted in phases."[3] In support, Plaintiff argues the certification issues are "enmeshed into the

---

[1] Joint Motion for Scheduling Conference at 2, ECF No. 56.
[2] This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A) to consider non-dispositive issues. (ECF No. 19.) The court elects to decide this matter based on the parties' written memoranda. DUCivR 7-1(g).
[3] Joint Motion for Scheduling Conference Ex. A at 8.

factual and legal issues underlying Plaintiff's causes of action,"[4] and bifurcating class and merits discovery would unnecessarily delay discovery relating to Plaintiff's second and third cause of action, which are not dependent on certification. In opposition, Defendant points to the court conditionally granting certification but not ruling on disputes regarding the language of the Notice to sent to potential Plaintiffs. Once notice is sent, Defendant proposes two phases of discovery. The first being approximately six months focusing only on certification issues. Then phase two will be nine months focusing on the merits of the parties' claims and defenses.

In considering whether to bifurcate discovery in a putative class action, courts look to both Federal Rules of Civil Procedure 23 and 42(b).[5] Rule 42(b) provides a trial court with wide discretion to bifurcate proceedings for "convenience, to avoid prejudice, or to expedite and economize."[6] As this court has noted, "[b]ifurcation under Rule 42 is not the norm or even a common occurrence."[7] The court finds bifurcation of discovery will not increase convenience, avoid prejudice, or be conductive to expedition and economy. The court therefore adopts Plaintiff's position and discovery will not proceed in phases.

Next, the parties disagree on the nature and extent of fact discovery limitations. This dispute relates to fact discovery deadlines. Plaintiff proposes 12 months after the expiration of the notice period, while Defendants, link their deadlines to phased discovery. The court has rejected phased discovery therefore it need not adopt Defendant's proposed deadlines.

The parties further disagree regarding expert discovery deadlines and the dispositive motion deadline. The court sets forth those dates below in the scheduling order. The court

---

[4] *Id.*
[5] *Klassen v. SolidQuote LLC*, No. 23-cv-00318-GPG-NRN, 2023 WL 5497865, at *2 (D. Colo. Aug. 23, 2023).
[6] Fed. R. Civ. P. 42(b).
[7] *Gadd v. S. Jordan City*, No. 2:15-CV-00667, 2018 WL 6441763, at *1 (D. Utah Dec. 7, 2018) (citation modified).

follows the Federal Rules as to discovery limits and is not persuaded that this case need diverge from those limits.

Finally, the parties disagree regarding the length of the trial. That disagreement is unnecessary to resolve at this time. Judge Barlow's practices are set forth below and deciding the length of trial is unnecessary.

## ORDER

The court therefore GRANTS the parties' Motion and enters the following scheduling order resolving the parties' disputes.

Under Fed. R. Civ. P. 16(b), the Local Rules of Practice, and the Order to Propose Schedule, if applicable, an Attorney Planning Meeting has been held and the Attorney Planning Meeting Report has been completed. The following deadlines may not be modified without a court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-5.

**DEADLINES ARE 11:59 P.M. ON THE DATE INDICATED UNLESS EXPRESSLY STATED OTHERWISE**

1. **PRELIMINARY MATTERS**

| | | | |
|---|---|---|---|
| a. | | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | 8/7/2025 |
| b. | | Participants: *(include the name of the party and attorney, if applicable)* <br><br> Counsel For Plaintiff Michelle Curry: <br> Galen Shimoda, Justin Rodriguez, Austin Sork, and Cary Burke. <br><br> Counsel For Defendant Outsourced Associates & Staffing, LLC: <br> David Tufts and Lyndon Bradshaw | |
| c. | | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties have exchanged initial disclosures or will exchange no later than the date provided)* | Plaintiff served initial disclosures on |

| | | | | |
|---|---|---|---|---|
| | | | | 9/5/2025 Defendant's initial disclosures will be served by 9/12/25 |
| d. | | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒ | No ☐ |

2. **PROTECTIVE ORDER**

| | | | | |
|---|---|---|---|---|
| a. | | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
| b. | | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: *(describe the need for a protective order)*<br><br>Discovery will include contact information and employment records relating to the FLSA allegations in the case for all putative collective class members. This will include, but is not limited to, names, phone numbers, emails, time and pay records, and other similar categories of information and/or documents related to the parties' claims and/or defenses in this matter. | | |
| c. | | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.<br><br>The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d): *(describe the process)*<br><br>Not applicable.  The parties will use the SPO. | | |

|  |  |  |  |  |
|---|---|---|---|---|
| d. |  | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: *(describe the process)*<br><br>Not applicable. The parties will use the SPO. |  |  |

3. **DISCOVERY PLAN**

|  |  |  |  |  |
|---|---|---|---|---|
| a. |  | Discovery Plan: The parties agree to the following discovery plan.<br>• If the parties disagree, clearly indicate the disagreement in the space below: | Yes ☐ | No ☒ |
| b. |  | Discovery Subjects: *(describe the subject areas in which discovery will be needed)*<br><br>**Plaintiff:**<br><br>Discovery will include contact information and employment records relating to the FLSA allegations in the case for all putative collective class members. This will include, but is not limited to, names, phone numbers, emails, time and pay records, and other similar categories of information and/or documents related to the parties' claims and/or defenses in this matter. In addition to discovery relating to the merits, certification, and damages issues arising from Plaintiff's first cause of action, Plaintiff will also conduct discovery relating to her retaliation claims and breach of contract claims, including, but not limited to, Plaintiff's performance and the circumstances surrounding her termination.<br><br>**Defendants:**<br><br>Defendant will seek to obtain information regarding any allegedly worked but unrecorded time from each opt-in Plaintiff. Defendant will seek further information regarding any allegedly worked overtime for which any opt-in Plaintiff contends he or she was not compensated. Defendant will also seek to discover any opt-in Plaintiffs' understanding of Defendant's policies regarding the recording of time worked and compensation policies. |  |  |
| c. |  | Discovery Phases: |  |  |

|   |   |   |
|---|---|---|
|   | • Will discovery be conducted in phases? If so, please explain. <br><br> No, discovery will not proceed in phases. <br><br> • Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates. <br><br> No, discovery will not be limited to or focused on particular issues. |   |
| d. | <u>Electronically Stored Information</u>: (describe how the parties will handle discovery of electronically stored information) <br><br> Pursuant to Fed. R. Civ. P. 34(b)(2)(E), documents produced in response to requests for production of electronically stored information ("ESI") shall be produced as they are kept in the usual course of business unless otherwise stipulated or otherwise ordered by the Court. The parties anticipate that documents will be produced as load files with accompanying metadata. |   |

4. **FACT DISCOVERY**

|   |   |   |   |
|---|---|---|---|
| a. | Fact Discovery Limitations— |   |   |
|   | 1. | Maximum number of depositions by Plaintiff: | Per FRCP. |
|   | 2. | Maximum number of depositions by Defendant: | Per FRCP. |
|   | 3. | Maximum number of hours for each deposition: (*unless extended by agreement of parties*) | Per FRCP. |
|   | 4. | Maximum interrogatories by any party to any party: | Per FRCP. |
|   | 5. | Maximum requests for admissions by any party to any party: | Per FRCP. |
|   | 6. | Maximum requests for production by any party to any party: | Per FRCP. |
|   |   |   |   |
| b. | Other Fact Discovery Deadlines— |   |   |
|   | 1. | Deadline to serve written discovery: | 12 months after the expiration of the notice period. |

|   | 2. | Deadline for fact discovery to close: | 15 months after the expiration of the notice period. |
|---|---|---|---|
|   | 3. | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e): (*optional*) | 15 months after the expiration of the notice period. |

5. **AMENDING OF PLEADINGS AND JOINING OF PARTIES**[8]

|   |   |   |   |   |
|---|---|---|---|---|
| a. | Deadline to file a motion to amend pleadings— | | | |
|   | 1. | Plaintiffs: |   | Two months after the Court's order on Plaintiffs' motion for final certification. |
|   | 2. | Defendants: |   | Three months after the Court's order on Plaintiffs' motion for final certification. |
| b. | Deadline to file a motion to join additional parties— | | | |
|   | 1. | Plaintiffs: |   | Two months after the Court's order on Plaintiffs' motion for final certification. |
|   | 2. | Defendants: |   | Three months after the Court's order on Plaintiffs' motion for final certification. |

6. **EXPERT DISCOVERY**

|   |   |
|---|---|
| a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— |

---

[8] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

|   | 1. | Parties bearing the burden of proof: | 16 months after the expiration of the notice period. |
|---|---|---|---|
|   | 2. | Parties not bearing the burden of proof: | 17 months after the expiration of the notice period. |
|   |   |   |   |
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— | | |
|   | 1. | Parties bearing the burden of proof: | 18 months after the expiration of the notice period. |
|   | 2. | Parties not bearing the burden of proof: | 19 months after the expiration of the notice period. |
|   | 3. | Rebuttal reports, if any: | 20 months after the expiration of the notice period. |
|   |   |   |   |
| c. | Deadline for expert discovery to close: | | 21 months after the expiration of the notice period. |

7. **OTHER DEADLINES AND TRIAL-RELATED INFORMATION**[9]

| a. |   | Deadline for filing dispositive or potentially dispositive motions: *(including a motion to exclude experts when expert testimony is required to resolve the motion)* | 22 months after the expiration of the notice period. |
|---|---|---|---|
| b. |   | Trial: | Bench ☐    Jury ☒ |
| c. |   | If the parties do not intend to file dispositive or potentially dispositive motions, a scheduling conference will be held for purposes of setting a trial date. | The week after the dispositive motion deadline on Thursday at 3:00 PM. |
| d. |   | After the court issues an order on the summary judgment motion(s), if there is anything left to litigate, the court will set a scheduling hearing to set a trial date and to ask the parties if they want a referral for a settlement conference. |   |

---

[9] The court will enter the date in Section 7.c.

DATED this 8 October 2025.

_____
Dustin B. Pead
United States Magistrate Judge