THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Michelle Curry, individually and on behalf of all other similarly situated employees,<br><br>Plaintiff,<br>v.<br><br>Outsourced Associates & Staffing, LLC DBA NOW CFO, LLC and Does 1 to 100 inclusive,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25-cv-76 DBB DBP<br><br>District Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Defendant Outsourced Associates & Staffing LLC, doing business as NOW CFO LLC, moves the court for a protective order and to quash the subpoena issued by Plaintiff Michelle Curry. Based on the pleadings, the court finds the motion moot as set forth below.

Plaintiff issued a subpoena with eleven requests to non-party CenterOak Partners, LLC.[1] CenterOak is a private equity group that recently "completed a majority recapitalization of Defendant NOW CFO."[2] NOW CFO asserted the subpoena seeks information that is not relevant, requests confidential commercial information, and is not proportional to the needs of the case. To that end, Defendant requested the subpoena be quashed and a protective order entered "precluding a further subpoena to CenterOak."[3]

The court notes that there is persuasive appeal to Defendant's arguments. This case focuses on whether NOW CFO failed to pay Plaintiff, and other similarly situated past and current employees, for all hours worked in compliance with the Fair Labor Standards Act. Thus,

---

[1] Motion for Protective Order and to Quash Subpoena, ECF No. 61.

[2] *Id.* at 3.

[3] *Id.*

the recapitalization of Defendant by a private equity group that involved a confidential business transaction, appears to have little relevance to Plaintiff's claims. However, in reply, Defendant argued the subpoena is "facially invalid because it fails to comport with the requirements of Federal Rule of Civil Procedure 45."[4] Plaintiff eventually agreed with that argument and filed a notice with the court that Plaintiff "withdrew the subpoena because the requested place of compliance is outside the area permitted by Rule 45(c)(2)."[5] Plaintiff therefore requested the court deny Defendant's Motion as moot, or enter an order "compelling NOW CFO to produce the requested documents" under Rule 26(c)(2) of the Federal Rules of Civil Procedure. Defendant objected to Plaintiff's request. Defendant agrees the request to quash is moot, but Plaintiff cannot seek affirmative relief from the court via a notice or in opposition to its Motion, and entering a protective order precluding Plaintiff from issue a future subpoena to CenterOak is still appropriate.

The court agrees that it is improper and against the Local Rules for Plaintiff to seek affirmative relief in a notice or an opposition memorandum.[6] The court also agrees that the request to quash the subpoena is moot. However, the court declines Defendant's invitation to still enter a protective order. To do so would be in essence an advisory opinion on a hypothetical question, which is improper because the underlying subpoena is now moot and there is not a ripe dispute.

---

[4] Reply at 2. Rule 45 requires the "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A) (2025).

[5] Plaintiff Michelle Curry's Notice Regarding Motion for Protective Order at 1, ECF No. 69.

[6] DUCivR 7-1(a)(3). The court notes that Plaintiff also appears to rely on an outdated version of the Local Rules in making an argument that Defendant's Motion should have been brought under the short-form discovery process. Local Rule 37-1(b)(7) specifically provides that a "motion to quash a subpoena or a motion related to the standard protective order is exempt from the Short Form Discovery Motion requirements above and must follow DUCivR 7-1(a)(4)(D)." DUCivR 37-1(b)(7) (2025). The court recommends Plaintiff follow the current Rules and disregard those that are inapplicable.

The court therefore finds Defendant's Motion is MOOT.

IT IS SO ORDERED.

    DATED this 4 March 2026.

                                              _____
                                              Dustin B. Pead
                                              United States Magistrate Judge