UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MICHELLE CURRY, individually and on behalf of all other similarly situated employees, <br><br>                Plaintiffs, <br><br> v. <br><br> OUTSOURCED ASSOCIATES & STAFFING, LLC; and DOES 1 to 100, <br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER ON FORM OF NOTICE DISPUTE** <br><br> Case No. 2:25-cv-00076-DBB <br><br> District Judge David Barlow |

Before the court is Plaintiff's Motion for Determination on Form of Notice.[1] The court also has status reports from each party outlining their position on the dispute and making arguments.[2] Having reviewed the briefing and the case law, the court finds that oral argument is not necessary.[3]

Plaintiff asserts claims under the Fair Labor Standards Act ("FLSA") and seeks to certify a collective action. The court granted in part Plaintiff's Motion for Conditional Certification and ordered the parties to meet and confer regarding the notice.[4] The parties met and conferred, but

---

[1] Mot. for Determination on Form of Notice, ECF No. 79, filed March 17, 2026.

[2] *See* Pl. Michelle Curry's Report on Notice Regarding Remaining Disputes ("Pl.'s Report"), ECF No. 43, filed July 17, 2025; Def.'s Second Report Identifying Areas of Disagreement in Form of Notice ("Def.'s Report"), ECF No. 44, filed July 17, 2025.

[3] *See* DUCivR 7-1(g).

[4] Memo. Decision and Order Granting in Part [ECF No. 13] Pl.'s Mot. for Conditional Certification and Court-Authorized Notice, ECF No. 26, filed April 22, 2025; *see also* Memo. Decision And Order Denying [31] Mot. to Clarify or Reconsider Conditional Certification of the Class, ECF No. 41, filed June 26, 2025.

one disputed issue remained for the court's decision.[5] Namely, whether to include in the notice a statement that the Plaintiffs may be required to pay court costs if their claims are unsuccessful.[6]

Defendants propose adding the following language to the notice: "You may also be required to pay court costs if your claims are unsuccessful after trial."[7] Plaintiff proposes to not include any statement about costs at all.[8]

The purpose of the court's involvement is to "ensure that [the notice] is timely, accurate, and informative."[9] District courts across the country have split on whether to include a statement about potential court costs in a FLSA notice. Some courts have permitted a cost notice "[b]ecause costs possibly could be awarded to the prevailing party, fairness and accuracy require that potential class members be informed of that possibility."[10] But to mitigate the chilling effect, these courts have typically also required that the notice include a statement that the potential costs do not include Defendant's attorney fees.[11] On the other hand, some courts have prohibited a cost notice because "the chilling effect of defendants' proposed language outweighs its utility . . . given the remote possibility that such costs would be other than de minimis, and the risk of

---

[5] Def.'s Report 1.
[6] *Id.*
[7] *Id.* Ex. 1 at 2.
[8] Pl.'s Report 1.
[9] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989).
[10] *Martinez v. Chenault Consulting, Inc.*, No. 1:20-cv-00954, 2021 WL 4810655, *5 (D.N.M. Oct. 15, 2021); *see also Creten-Miller v. Westlake Hardware, Inc.*, No. CIV.A. 08-2351, 2009 WL 2058734, *4 (D. Kan. July 15, 2009); *Wass v. NPC Int'l, Inc.*, No. 09-2254, 2011 WL 1118774, *8 (D. Kan. Mar. 28, 2011); *Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp. 3d 1079, 1127–28 (D.N.M. 2017); *Whitlow v. Crescent Consulting, LLC*, 322 F.R.D. 417 (W.D. Okla. 2017); *In re Bank of Am. Wage & Hour Emp. Litig.*, 286 F.R.D. 572, 599 (D. Kan. 2012).
[11] *Id.*

an *in terrorem* effect that is disproportionate to the actual likelihood that costs will occur in any significant degree."[12]

Here, the court agrees that "[b]ecause costs possibly could be awarded to the prevailing party, fairness and accuracy require that potential class members be informed of that possibility."[13] Multiple courts have awarded costs to prevailing defendants in FLSA cases, including amounts in the tens of thousands of dollars.[14] Thus, "[a]n award of costs to a prevailing defendant in an FLSA case is clearly possible and is not merely theoretical."[15] Thus, to be fair and accurate, potential class members should be informed of the possibility.

That said, this court agrees that the notice should make clear that "costs" does not include Defendant's attorney fees. Thus, the court orders that Defendant's proposed language be altered as follows: "You may also be required to pay court costs (not including Defendant's attorney fees) if your claims are unsuccessful after trial."

## ORDER

Plaintiff's Motion for Determination on Form of Notice[16] is GRANTED. The court ORDERS that the notice include the following language: "You may also be required to pay court costs (not including Defendant's attorney fees) if your claims are unsuccessful after trial."

---

[12] *Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 285 (S.D.N.Y. 2019); *see also Hose v. Henry Indus., Inc.*, 49 F. Supp. 3d 906, 919 (D. Kan. 2014); *Abdulina v. Eberl's Temp. Servs.*, No. 14-cv-00314, 2015 U.S. Dist. LEXIS 101809, *21–22 (D. Colo. April 27, 2015); *Austin v. CUNA Mut. Ins. Soc.*, 232 F.R.D. 601, 608 (W.D. Wis. 2006); *Gieseke v. First Horizon Home Loan Corp.*, No. CIV.A. 04-2511-CM, 2006 WL 2919076, *2 (D. Kan. Oct. 11, 2006).
[13] *Martinez*, 2021 WL 4810655, *5.
[14] *See e.g. Johnson v. Big Lots Stores, Inc.,* Nos. 04–3201, 05–6627, 2009 WL 1870862, at *9–10 (E.D. La. June 25, 2009) (awarding costs related to claims of 43 individual participants who moved to dismiss their claims); *Gomez v. Reinke,* No. CV91–299, 2008 WL 3200794, at *6 (D. Idaho Aug.7, 2008) (awarding costs to defendants for prevailing on merits of class action claims); *Reyes v. Tex. Expawn, L.P.,* No. V–03–128, 2007 WL 4530533, at *2 (S.D. Tex. Dec. 19, 2007) (awarding costs to defendant as prevailing party).
[15] *Creten-Miller*, 2009 WL 2058734 at *4.
[16] ECF No. 79.

3

Signed March 18, 2026.

BY THE COURT

David Barlow
United States District Judge