THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MICHELLE CURRY, individually and on behalf of all other similarly situated employees,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>OUTSOURCED ASSOCIATES & STAFFING, LLC dba NOW CFO, LLC; and DOES 1 to 100, inclusive,<br><br>　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25-cv-00076 DBB DBP<br><br>District Judge David B. Barlow<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Short Form Discovery Motion to Compel Further Responses by Defendant to Plaintiff's Request for Production of Documents, Set One.[1] As set forth herein the Motion is denied.[2]

This case concerns claims under the Fair Labor Standards Act (FLSA) and Plaintiff seeks to certify a collective action. Now CFO is a Utah Corporation that offers accounting, controller, and consulting services.[3] Now CFO's consultants are classified as non-exempt and overtime eligible and work under the supervision of regional market presidents, who authorize consultants' work and approve their time sheets. Plaintiff claims certain overtime eligible consultants were not paid for hours they spend on non-billable work, such as team meetings,

---

[1] ECF No. 87. This case is referred to the undersigned from Judge Barlow pursuant to 28 U.S.C. § 636(b)(1)(A) to consider non dispositive matters. ECF No. 19.

[2] Having reviewed the briefing and the case law, the court finds that oral argument is not necessary. *See* DUCIvR 7-1(g).

[3] Complaint ¶ 10, ECF No. 1, filed Feb. 4, 2025.

performance reviews, and training.[4] Curry worked as a consultant for Now CFO from May 2023 to November 2024.

In the current short form discovery motion, Plaintiff requests that the court allow additional briefing to "meaningfully address the current state of the dispute."[5] Plaintiff asserts additional briefing is needed given the large number of objections and "progress made during meet and confer discussions".[6] The requests and response at issue include Numbers 3-4, 9-12, 14-17, 19-21, and 23-24.

In response, Defendant NOW CFO agrees the dispute is not readily apparent because "meet-and-confer discussions are ongoing [and] Plaintiff filed the instant Motion before those talks concluded."[7] Further, Plaintiff has not articulated in "meet-and-confer discussions how NOW CFO's efforts to identify, gather, and produce responsive documents are deficient" under the Federal Rules.[8] For example, Plaintiff complains about a lack of time and payroll records, wage and hour policies, and performance reviews that have been produced in discovery. Yet, Defendant asserts those items have been provided. In addition, Plaintiff's broad claims of deficiencies in Defendant's privilege log are undermined by a lack of specificity and the fact that Defendant has provided several updates to the log.

Local Rule 37-1 governs discovery disputes. It provides:

---

[4] Complaint at ¶ 25-26

[5] Motion at 2.

[6] *Id.*

[7] Op. at 2.

[8] *Id.*

(1) The parties must make reasonable efforts to resolve a discovery dispute arising under Fed. R. Civ. P. 26 through 37 before seeking court assistance.

(2) At a minimum, those efforts must include a prompt written communication sent to the opposing party:

    (A) identifying the discovery disclosure or request at issue, the response, and specifying why the response or objection is inadequate; and

    (B) requesting to meet and confer, either in person or by telephone, and include suggested dates and times.[9]

In the Motion Plaintiff "certifies that reasonable efforts to reach an agreement were made via letter, e-mail, phone and video conference" between certain counsel.[10] The court commends those efforts. However, it appears based on the parties' briefing, that those efforts were still ongoing and Plaintiff's Motion was premature. The court therefore will deny the motion and order the parties to continue their meet-and-confer obligations. As a reminder, Federal Rule 26(b)(1) provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …."[11]

Plaintiff's Motion is denied without prejudice.

IT IS SO ORDERED.

DATED this 19 May 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[9] DUCivR 37-1(a) (2025).

[10] Motion at 2.

[11] Fed. R. Civ. P. 26(b)(1).

3